## LEO E. COOK, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 8335

October 23, 1975                    541 P.2d 642

*Horace R. Goff,* State Public Defender, *Gary D. Armentrout,* Deputy, and *Michael R. Griffin,* Deputy, Carson City, for Appellant.

*Robert List,* Attorney General, *Stephen P. Boland,* Deputy, Carson City, *Larry R. Hicks,* District Attorney, and *Calvin R. Dunlap,* Deputy, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Leo E. Cook, having been convicted in the Second Judicial District Court, Washoe County, petitioned for post-conviction

relief in the First Judicial District Court, Carson City, contending, *inter alia,* he was entitled to withdraw his guilty plea because the prosecuting attorney had violated a plea bargain agreement. The district court rejected Cook's contention and this appeal follows.

Cook had been charged with several crimes and, as a result of negotiations between his attorney and the district attorney, it was agreed that in exchange for a guilty plea on one of the charges that the other charges would be dismissed. Further, when the guilty plea was entered July 18, 1973, the transcript of the canvass taken by the district judge shows that there was an agreement by the representative of the prosecutor's office that, at sentencing, "the District Attorney would recommend probation if the defendant seeks mental psychiatric help."

When the case came back on calendar, for sentencing, on September 11, 1973, a different deputy from the Washoe County Public Defender's office appeared on behalf of Cook as did a different deputy from the District Attorney's office, on behalf of the State. Apparently neither counsel was familiar with the background of the case and the representative of the district attorney's office, in total disregard of his associate's prior representation, stated to the district judge: "Your Honor, I have never seen a man that deserved the maximum more than Mr. Cook . . . I am sorry that 10 years is the maximum [sentence] for the crime that he pled." There was no reference to probation and the maximum sentence was imposed on Cook.

It is well-established that where an accused enters a plea of guilty upon the basis of a promise or representation made by an official representing the prosecution, and the promise is unequivocal, as this record shows, then he is entitled to withdraw his plea if the promise is unfulfilled. See Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974).

Reversed and remanded to the First Judicial District Court with instructions to transfer the proceedings to the Second Judicial District Court, Washoe County, in order that Leo E. Cook may plead anew.