JOHN EUGENE DOANE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12331

February 3, 1982                    639 P.2d 1175

*Morgan D. Harris,* Public Defender, and *William P. Henry,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland* and *Booker T. Evans,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

In addition to counts of kidnaping, mayhem, attempted murder and robbery, the State charged appellant with multiple counts of sexual assault with substantial bodily harm, employing use of a deadly weapon. In return for negotiated pleas of guilty to all counts, the State agreed to limit its remarks about sentencing to an agreed-upon statement made at the entry of the pleas. The State was to stand silent at the time of sentencing.

NRS 176.035(1) provides that multiple sentences shall run concurrently unless otherwise specified. Without specifying that the sentences were to run consecutively, the district court judge pronounced the maximum sentence permissible by law on each and every count. Immediately after the court articulated these sentences, the prosecutor inquired whether the sentences should run consecutively. The court then replied that consecutive sentences would be appropriate, and so ordered.[1]

The parties have stipulated that the prosecutor's comment constituted a breach of the negotiated plea bargain. Based on such breach, appellant moved to set aside his guilty pleas, but the district court denied appellant's motion. Instead, the district court vacated its original sentence, sealed the record relevant to the sentencing, and assigned the case to another judge who rendered sentence. As a result, appellant would receive a term of punishment more than double the concurrent sentences originally imposed. On appeal, the sole issue is whether the district court erred when it denied appellant's motion to withdraw his guilty pleas and, instead, vacated the judgment and assigned the case for resentencing.

Where the State has agreed to stand mute at the time of sentencing, it may not be allowed to violate the plea bargain agreement to the detriment of defendant. Commonly, when a breach occurs, a defendant's rights can be protected either by permitting withdrawal of the negotiated plea or by resentencing before a judge untainted by the violation. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495 (1971). However, in the peculiar facts of this case, the remedy fashioned by the district court gave the State more than the bargain to which it is entitled. Not satisfied with sentences already pronounced, the State was allowed to interfere with the sentence, and thereby to gain another opportunity for increased sentences. This, we believe, cannot be permitted.

On the other hand, we think withdrawal of appellant's guilty pleas would not be the warranted remedy. In the instant case, the primary witness is now dead by the device of another, and it is probable that the State could no longer prosecute. To allow appellant to withdraw his guilty pleas would place the prosecution in an untenable position.

---

[1]The prosecutor asked, "Your honor, are all the sentences on all the counts consecutive?" The court answered, "I think that would be appropriate in this case."

Withdrawal of guilty pleas typically is allowed to restore the accused to a position he enjoyed prior to the breached agreement, because breach has denied him the benefit for which he bargained. *See* Cook v. Warden, 91 Nev. 636, 541 P.2d 642 (1975). Such a result is not required where the accused can be assured the full benefit of the bargain. Here, the sentencing judge had articulated an operable sentence before any interference by the State. Thus, in this factual situation, imposition of the original sentence will restore appellant to the postition he would have enjoyed but for the breach.

Accordingly, we reverse and remand for the formal imposition of sentence consistent with the Honorable Michael Wendell's original pronouncement, made prior to breach of the plea bargain agreement.

MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and O'DONNELL, D. J.,[2] concur.

