JAMES R. KLUTTZ, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 14533

September 27, 1983                    669 P.2d 244

*Thomas E. Perkins,* State Public Defender, Carson City, and *Norman Y. Herring,* Special Deputy Public Defender, Incline Village, for Appellant.

*Brian McKay,* Attorney General, *Brooke A. Nielsen,* Deputy Attorney General, and *Dan R. Reaser,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order denying appellant Kluttz's post-conviction habeas corpus petition. Kluttz contends that the state breached a plea bargain made by the parties. We agree and therefore reverse and remand.

In July, 1981, Kluttz was arraigned in district court on an information charging him with possession of a stolen motor vehicle, burglary of a vehicle, and carrying a concealed weapon. At that time the parties informed the court that they had entered into a plea bargain. Under the terms of the bargain, Kluttz had agreed to plead guilty to possession of a stolen motor vehicle. In exchange, the state had agreed to dismiss the other charges in the information, and to seek a prison sentence of no more than two years. Kluttz then entered his plea pursuant to his bargain with the state.

At the sentencing hearing, held in August, 1981, the following exchange occurred between the prosecutor—Mr. Dinning—and the court:

> MR. DINNING: If your Honor please, the bargaining in this case was reached upon reliance that the State had on what was at that time a fairly naked record. We had no idea what the various prior felony and misdemeanor convictions [were] of what [sic] the defendant has been punished in various jurisdictions, including that of Alabama where he now says he wishes to return.

The prosecutor then detailed appellant's prior criminal record until interrupted by the Court:

> THE COURT: Mr. Dinning, I know all these things are in the report, and I just hate to—I don't know what the purpose of your argument is if you feel you're bound by plea bargaining.
>
> MR. DINNING: My feeling is, your Honor, that—
>
> THE COURT: I just don't want us to get into any more trouble than—
>
> MR. DINNING: Very well. He ought to be sentenced to a period of incarceration in the Nevada State Prison, and I would recommend, pursuant to the bargain, two years.

At the conclusion of the sentencing hearing, the court sentenced Kluttz to six years in state prison.

In April, 1982, Kluttz filed a post-conviction habeas corpus petition, alleging that the prosecutor had breached the plea bargain. Following an evidentiary hearing, the court denied the petition, concluding that the prosecutor had complied with the plea bargain. This appeal followed.

Kluttz contends that the prosecutor breached the plea bargain by stating to the sentencing judge that at the time the plea bargain was made, the state was not aware of all of the facts concerning Kluttz's prior criminal record. Kluttz argues that in making this statement, the prosecutor was implicitly expressing the state's dissatisfaction with the plea bargain, and was, in substance, seeking a prison sentence in excess of two years. Kluttz recognizes that the prosecutor ostensibly recommended a two year sentence, but notes that the prosecutor made this recommendation only "after in effect being told to be quiet by the sentencing judge."

The state contends that the prosecutor did not breach the plea bargain, because that bargain only required the prosecutor to recommend a two year sentence. The state suggests that the prosecutor's comments regarding Kluttz's prior criminal record were proper because the prosecutor "could have believed that argument of these aggravating circumstances was tactically necessary to insure imposition of the entire two year term bargained for in the negotiations."

In determining whether the prosecution has fulfilled its part of a plea bargain, the prosecution is held to the most meticulous standards of both promise and performance. Gamble v. State, 95 Nev. 904, 604 P.2d 335 (1979). Matter of Palodichuk,

589 P.2d 269 (Wash.Ct.App. 1978) illustrates the application of this rule. There, the parties entered a plea bargain in which the prosecutor agreed to recommend a probation term of four years. The prosecutor then learned new facts concerning the accused's prior parole history. At the sentencing hearing, the prosecutor recommended a probation term of four years, but stated to the trial court that in light of the newly learned facts, he had "second thoughts" about the recommendation. The court held that the prosecutor's "less than wholehearted support . . . for the plea bargain" constituted a breach.

This case is indistinguishable from *Palodichuk,* which we have decided to follow. Like the prosecutor in that case, the prosecutor here did not expressly violate the plea bargain. Nevertheless, in advising the sentencing judge that the state had entered into the plea bargain without knowledge of all of the salient facts, the prosecutor implicitly was seeking a sentence in excess of two years. The vice in the state's conduct was not that it mentioned Kluttz's prior criminal record, *see* Wilson v. State, 99 Nev. 362, 664 P.2d 328 (1983), but its insinuation that the plea bargain should not be honored. The prosecutor's comments to the district judge, quoted above, simply do not support the state's present contention that the prosecutor was merely trying to insure imposition of a two year sentence.

As in *Palodichuk,* the state here violated the spirit of the plea bargain. *See* State v. Sodders, 633 P.2d 432 (Ariz.Ct.App. 1981). Accordingly, we reverse and remand to the Second Judicial District Court, with instructions to resentence Kluttz before a different judge.

Reversed and remanded.