GENE P. VAN BUSKIRK, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 16123

June 20, 1986                          720 P.2d 1215

*Graves, Leavitt & Cawley,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James N. Tufteland,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Gene P. Van Buskirk appeals from a judgment of conviction of one count of grant larceny upon a plea of guilty entered pursuant to a plea bargain. Van Buskirk's appeal raises the issue of whether the plea bargain was violated and, if so, what is the proper remedy.

### THE FACTS

The State charged Van Buskirk with one count of grand larceny for stealing an attache case from a Las Vegas department store. In return for a negotiated plea of guilty to that charge, the State agreed to dismiss two felony theft charges pending against Van Buskirk, withdraw a habitual criminal allegation, and send Van Buskirk to Lakes Crossing Center prior to sentencing for evaluation and treatment for alcoholism. When the district court canvassed Van Buskirk regarding his plea, it told him that the sentence he received would depend upon the results of his evaluation and treatment.

The district court ordered Van Buskirk to be transported to Lakes Crossing Center. The district court order, however, did not instruct the director of Lakes Crossing Center to evaluate and treat Van Buskirk for alcoholism. Instead, the order instructed the director to "conduct an evaluation of [Van Buskirk] to determine whether or not on the date of the alleged crime . . . [he] knew the

difference between right and wrong, or the nature, quality and consequences of his physical actions.'' While at Lakes Crossing Center, Van Buskirk was evaluated for competency to stand trial.

Lakes Crossing Center, in fact, had no facility for evaluation and treatment for alcoholism. When Van Buskirk's counsel notified the district court of that fact, the district court continued Van Buskirk's sentencing date to enable Van Buskirk to be placed in a facility for evaluation and treatment for alcoholism. Before such a facility could be located, however, the district court, after denying Van Buskirk's motion to withdraw his guilty plea, sentenced Van Buskirk to prison for eight years.

## THE LAW

Van Buskirk argues that the district court violated the plea bargain by sentencing him before he was evaluated and treated for alcoholism. We agree and conclude that Van Buskirk is entitled to enforcement of the plea bargain.

Plea bargaining has become an essential component of the administration of justice in America. Blackledge v. Allison, 431 U.S. 63 (1976); Santobello v. New York, 404 U.S. 257 (1971). Due process, however, requires that the bargain be kept when the plea of guilty is entered. *Santobello v. New York, supra.* Gamble v. State, 95 Nev. 904, 604 P.2d 335 (1979). In determining whether the state has fulfilled its part of a plea bargain, the state is held to ''the most meticulous standards of both promise and performance.'' Kluttz v. Warden, 99 Nev. 681, 683-684, 669 P.2d 244 (1983). The violation of the terms or ''the spirit'' of the plea bargain requires reversal. *Id.*

Van Buskirk's plea of guilty was induced, in part, by the State's promise that he would be evaluated and treated for alcoholism and that the sentence he received would depend upon the results of his evaluation and treatment. The district court, after accepting the terms of the plea bargain, violated both the terms and the spirit of the plea bargain by sentencing Van Buskirk to prison before he was evaluated and treated for alcoholism.

We conclude that specific enforcement of the plea bargain is the appropriate remedy. The California Supreme Court stated in People v. Mancheno, 645 P.2d 211 (Cal. 1982):

> The goal in providing a remedy for breach of the [plea] bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. The remedy chosen will

vary depending on the circumstances of each case. Factors to be considered include who broke the bargain and whether the violation was deliberate or inadvertent, whether circumstances have changed between entry of the plea and the time of sentencing, and whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate. . . .

The usual remedies for violation of a plea bargain are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain. Courts find withdrawal of the plea to be the appropriate remedy when specifically enforcing the bargain would have limited the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing. Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances.

*Id.* at 214-215. *See Santobello v. New York, supra* at 263, 267; McGuire v. State, 100 Nev. 153, 160 n. 5, 677 P.2d 1060, 1065, (1984); *Kluttz v. Warden, supra;* Doane v. State, 98 Nev. 75, 639 P.2d 565 (1982); *Gamble v. State, supra.*

In this case, specific enforcement of the plea bargain is the most effective method of repairing the harm caused by the violation and implementing the reasonable expectations of the parties. Specific enforcement will not bind the district court to an inappropriate disposition of the case or otherwise impinge upon the court's sentencing discretion. Indeed, specific enforcement would promote informed exercise of that discretion by providing the district court with further information with which to make an appropriate sentencing decision.

## CONCLUSION

Accordingly, the conviction is affirmed, the sentence is vacated, and the case is remanded to the district court with instructions that a different district judge shall specifically enforce the plea bargain.[1]

---

[1]Our disposition of this issue renders it unnecessary to address Van Buskirk's contention that the district court relied upon improper information at sentencing. Van Buskirk's remaining assignments of error are meritless.