KELLY JO WOLF, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 20790

July 18, 1990                                    794 P.2d 721

*Kelly Jo Wolf,* In Proper Person, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ROSE, J.:

On December 6, 1988, appellant was convicted, pursuant to a guilty plea, of one count of possession of a controlled substance with the intent to sell and sentenced to serve nine years in the Nevada State Prison. The district court also specified that appellant's sentence would run consecutive to another sentence that appellant was already serving. Appellant did not file a direct appeal challenging his conviction. On November 8, 1989, however, appellant filed in the district court a petition for post-conviction relief. The state opposed appellant's petition and on December 20, 1989, the district court entered an order denying the petition. This appeal followed.

Appellant argued in his petition that he entered his plea pursuant to a plea bargain agreement, and that the state violated the terms of that agreement. Therefore, he argued that his guilty plea was entered involuntarily. On March 29, 1990, this court entered

an order stating that our review of the record on appeal reveals that appellant's argument may have merit. Specifically, we noted that the transcript of appellant's plea hearing reveals that in exchange for appellant's plea of guilty, the state agreed to dismiss an additional criminal charge that was pending against appellant. The state also agreed that it would not oppose concurrent sentencing, and that it would not argue for a sentence greater than five years in prison. At the sentencing hearing, however, the court was presented with a presentence report that recommended that appellant be imprisoned for nine years, consecutive to a sentence that appellant was already serving. Further, the state first acknowledged that it could not argue for more than five years. The state's attorney went on, however, to detail appellant's criminal history dating back to 1978, and then stated:

> I agree with the recommendation of the Department that [appellant's] behavior merits sever [sic] sanctions and that he failed to be penalized in his wrongful behavior which has been continuous since 1978.

We observed that the remarks quoted above indicate that despite its agreement to argue for no more than five years in prison, the state actually argued in support of the nine-year sentence recommended by the department of parole and probation in the presentence report. Because it appeared that the state may have violated both the letter and spirit of the plea agreement, we directed the state to show cause why this case should not be remanded to the district court for further proceedings. *Cf.* Kluttz v. Warden, 99 Nev. 681, 683, 669 P.2d 244, 245 (1983).

In response to the show cause order, the state argues that the remarks quoted above did not violate either the letter or the spirit of the plea bargain agreement. Specifically, the state asserts that in the instant case, unlike *Kluttz,* there is no indication in the record that the prosecutor was unaware of appellant's prior criminal record when he entered into the plea agreement with appellant. The state also asserts that the prosecution is not obligated to show "enthusiastic support" for a plea agreement. *See* United States v. Benchimol, 471 U.S. 453 (1988). Alternatively, the state notes that the prosecutor did not disclose any information to the court that was not already contained in the presentence report. Therefore, the state argues that the prosecutor's argument did not have any effect on the sentence that appellant received. Accordingly, the state contends that the misconduct of the prosecutor, if any, was harmless beyond a reasonable doubt.

The state's argument is without merit. The remarks of the prosecutor quoted above, like the remarks in *Kluttz,* were clearly intended to persuade the district court to impose a sentence that

was more severe than the sentence contemplated by the plea bargain. The fact that appellant's criminal record was contained in the presentence report is of no consequence; in *Kluttz,* the defendant's criminal history was also contained in the presentence report. *See* 99 Nev. at 683, 669 P.2d at 245. Under these circumstances, we conclude that the prosecutor in this case violated the spirit of the plea agreement. Accordingly, we reverse the order denying appellant's petition for post-conviction relief, and we remand this case to the district court with instructions to vacate appellant's sentence and to hold a new sentencing hearing before a different district court judge.

YOUNG, C. J., SPRINGER and MOWBRAY, JJ., concur.

STEFFEN, J., dissenting:

Respectfully, I dissent.

I do not agree that the State violated either the letter or the spirit of the negotiated plea in this case. At the entry of the plea, the State clearly stated that it would not argue for more than five years. Again, at sentencing, the deputy district attorney declared the State's position as follows:

> This was negotiated by Mr. Rick Smith of our office and pursuant to negotiations the State was allowed to argue, however, we are not allowed to argue for more than five years in Nevada State Prison and we are not to oppose concurrent time with the three years he is presently serving in case C82415. Therefore, pursuant to negotiations, the State would be recommending he be sentenced to five years in Nevada State Prison and that it be concurrent to his preceding case.

Although the deputy did state, in the course of her argument, that "I agree with the recommendation of the Department that his behavior merits sever [sic] sanctions and that he failed to be penalized in his wrongful behavior which has been continuous since 1978," I do not consider the remarks to be in derogation of the clearly expressed position of the State. The statement relating to severe sanctions in the pre-sentence report was not contained in that part of the report concerning the Department's recommendation. In fact, the comment was noted in connection with the observation that confinement was necessary to protect the community and to reinforce "any positive strides" that Wolf had taken.

The conditions of the plea bargain agreement permitted the State to argue. Because I believe the State's argument was neither violative of the agreement nor prejudicial to Wolf, I respectfully dissent.