CARL OTIS SULLIVAN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 31991

December 13, 1999 990 P.2d 1258

*Michael R. Specchio,* Public Defender, and *Cheryl Bond,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Terrence P. McCarthy,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

The issue before this court is whether the state breaches an agreement to concur with the recommendation of the Division of Parole and Probation by advocating in favor of the recommendation.[1] We conclude that the state may advocate in favor of a sentence that it has agreed to recommend as part of a plea agreement so long as the state does not explicitly or implicitly seek to persuade the sentencing court to impose a harsher sentence than that which the state agreed to recommend. We further conclude that the state did not breach the plea agreement. However, we remand this case for the district court to correct what appears to be an error in the judgment of conviction.

### FACTS

The state charged appellant Carl Otis Sullivan by information with one count each of robbery with the use of a deadly weapon, burglary, and possession of stolen property. Pursuant to plea negotiations, Sullivan agreed to plead guilty to the charges. In exchange for Sullivan's guilty plea, the state agreed to concur with

---

[1]Appellant Carl Otis Sullivan also contends that the state failed to provide him with notice that one of the victims would refer to prior bad acts during his victim impact testimony and, therefore, this case should be remanded for a new sentencing hearing. We disagree. The district court sustained appellant's objection to the challenged testimony and stated that it would not consider that part of the testimony. We therefore conclude that a new sentencing hearing is not warranted. *See* Buschauer v. State, 106 Nev. 890, 894, 804 P.2d 1046, 1049 (1990).

the recommendation of the Division of Parole and Probation. The district court conducted a thorough plea canvass and accepted Sullivan's guilty plea.

The Division of Parole and Probation prepared a presentence report. Therein, the Division recommended the following sentences, all to be served consecutively: 35 to 156 months for robbery; 22 to 96 months for burglary; and 22 to 96 months for possession of stolen property.

At sentencing, defense counsel argued in favor of concurrent sentences based on a letter from a doctor, which had become available after the presentence report had been prepared. The letter indicated that the underlying offenses were the result of a long-term drug addiction and that Sullivan had accepted responsibility for his actions and addiction, and was willing to seek treatment. Counsel argued that giving Sullivan concurrent sentences would still give him considerable prison time but would also give him an opportunity to get treatment sooner rather than later. In response, the prosecutor addressed Sullivan's "quite incredible criminal history" and the serious nature of the charged offenses. The prosecutor further suggested that if Sullivan were truly serious about rehabilitation, then he could pursue that avenue after his release from prison regardless of the length of the sentence. The prosecutor concluded: "The only thing he has proven is that his level of violence is most certainly escalating and certainly putting this community in a great deal of danger. As a result, the consecutive sentences are appropriate, your Honor." Sullivan did not object to any of the prosecutor's comments.

The prosecutor then informed the court that the victims were present and wished to address the court. The court swore in the victims, who testified about the impact that the crimes had on their lives. The prosecutor did not participate in their testimony. At the conclusion of the victim impact testimony, the prosecutor reiterated that the state requested the court to follow the Division's recommendation.

The district court followed the Division's recommendation and sentenced Sullivan to imprisonment for 35 to 156 months for robbery, a consecutive 22 to 96 months for burglary, and a consecutive 22 to 96 months for possession of stolen property.[2] Sullivan filed this timely appeal.

---

[2]As discussed herein, there appears to be an error in the judgment of conviction. The judgment states that appellant pleaded guilty to robbery with the use of a deadly weapon, however, the court did not impose a sentence enhancement for the use of a deadly weapon and the record indicates that the state agreed not to seek the enhancement as part of the plea bargain.

## DISCUSSION

### Breach of the Plea Agreement

The general principles governing the state's obligation to honor the terms of a plea agreement are well settled. "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. United States, 404 U.S. 257, 262 (1971). This court has held the state to the "most meticulous standards of both promise and performance" in fulfillment of its part of a plea bargain. Kluttz v. Warden, 99 Nev. 681, 683, 669 P.2d 244, 245 (1983). The violation of either the terms or the spirit of the agreement requires reversal. Van Buskirk v. State, 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986).

A plea agreement is construed according to what the defendant reasonably understood when he or she entered the plea. Statz v. State, 113 Nev. 987, 993, 944 P.2d 813, 817 (1997). Here, the state agreed to concur in the recommendation of the Division of Parole and Probation. The initial question is whether Sullivan could have reasonably understood the plea agreement to preclude the state from advocating in favor of that recommendation by commenting on the facts and circumstances that supported the recommendation.

Appellant argues that because the state failed to explicitly reserve the right to present facts and argument at sentencing, he understood the plea agreement to preclude the state from commenting on the facts and circumstances supporting the Division's recommendation. Appellant primarily relies on this court's decision in Statz v. State, 113 Nev. 987, 944 P.2d 813 (1997).[3]

---

[3]We note that Sullivan failed to object to the prosecutor's comments. This court previously has approved the application of the contemporaneous objection rule to an assertion that the state violated the terms of a plea agreement. Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); Bishop v. Warden, 94 Nev. 410, 412, 581 P.2d 4, 5 (1978). Under the contemporaneous objection rule, Sullivan's failure to object would preclude appellate review. See Bishop, 94 Nev. at 412, 581 P.2d at 5. However, this court may address plain error or issues of constitutional dimension sua sponte. Emmons v. State, 107 Nev. 53, 61, 807 P.2d 718, 723 (1991); McCullough v. State, 99 Nev. 72, 74, 657 P.2d 1157, 1158 (1982). Because Sullivan's allegation that the state breached the plea agreement implicates due process, see Van Buskirk, 102 Nev. at 243, 720 P.2d at 1216, we conclude that appellate review is warranted regardless of Sullivan's failure to object. Cf. Franklin v. State, 110 Nev. 750, 877 P.2d 1058 (1994) (stating that claim that state breached plea agreement must be

In *Statz,* we stated that "[i]f the government agrees only to refrain from recommending a specific sentence and intends to retain the right to present facts and argument pertaining to sentencing, such a limited commitment should be made explicit." 113 Nev. at 993, 944 P.2d at 817 (citing United States v. Casamento, 887 F.2d 1141, 1181 (2d Cir. 1989); United States v. Diamond, 706 F.2d 105, 106 (2d Cir. 1983)). This statement, however, must be placed in context. The requirement that the state explicitly retain the right to present facts and argument applies where the plea bargain is for the state to stand silent or make no recommendation at sentencing. *See* United States v. Corsentino, 685 F.2d 48, 51 (2d Cir. 1982). Where the state has agreed to stand silent or make no recommendation, the defendant could reasonably understand the plain language of such an agreement to restrict the state's right to make certain types of statements to the court that would influence the sentencing decision.[4] *See id.; Block,* 660 F.2d at 1090-91. If the state has entered such an agreement but nonetheless intends to present information that might influence the sentence, it must make such an intention explicit in the plea agreement and reserve the right to present facts and argument pertaining to sentencing. *See Diamond,* 706 F.2d at 106 (government promised not to recommend "any specific sentence" but reserved right to present court with "relevant information" at sentencing). Where the state fails to make such a limited promise clear, it may not "attempt[ ] to influence the sentence by presenting the court with conjecture, opinion, or disparaging information

raised on direct appeal or it is waived), *overruled in part on other grounds by* Thomas v. State, 115 Nev. 148, 979 P.2d 222 (1999). Although a defendant's failure to object does not necessarily preclude appellate review of an alleged breach of a plea agreement, as discussed herein such a failure may be considered as evidence of the defendant's understanding of the terms of a plea agreement.

[4]Such an agreement does not completely forfeit the state's right to participate in the presentence investigation or the sentence hearing. Where the state promises not to make a sentencing recommendation, it may nonetheless provide presentence information to the Division of Parole and Probation without violating the plea agreement. *See Statz,* 113 Nev. at 994, 944 P.2d at 817 (citing United States v. Williamsburg Check Cashing Corp., 905 F.2d 25 (2d Cir. 1990); United States v. Stemm, 847 F.2d 636 (10th Cir. 1988)). Additionally, the state is not required to stand mute in the face of factual misstatements or withhold relevant information from the court. *Id.* Thus, even where the state has agreed to stand silent or make no recommendation, it may nonetheless correct factual misstatements and provide the court with relevant information that is not in the court's possession. United States v. Block, 660 F.2d 1086, 1091-92 (5th Cir. 1981). This is a duty owed to the court separate and apart from the plea negotiations. *Id.*

already in the court's possession." *Block,* 660 F.2d at 1091, *quoted in Statz,* 113 Nev. at 994-93, 944 P.2d at 817.

However, a promise to recommend a sentence is not a promise to stand silent. Where the state agrees to make a particular recommendation, the agreement, unlike an agreement to stand silent or make no recommendation, does not by its terms restrict the state's right to argue or present facts in favor of the sentence recommendation. Under such circumstances, the plea agreement cannot reasonably be understood to preclude the state from presenting facts or argument in favor of the recommended sentence.[5] Thus, the state is not required to explicitly reserve the right to argue in favor of a recommended sentence where it has promised to recommend a certain sentence.[6]

Nonetheless, the state must be careful that in exercising this right it does not explicitly or implicitly undercut the sentencing recommendation by attempting to persuade the sentencing court to impose a harsher sentence than that which it agreed to recommend. "*Santobello* prohibits not only 'explicit repudiation of the government's assurances, but must in the interests of fairness be read to forbid end-runs around them.'" United States v. Canada, 960 F.2d 263, 269 (1st Cir. 1992) (quoting United States v. Voccola, 600 F. Supp. 1534, 1537 (D.R.I. 1985)). A prosecutor's overall conduct must be reasonably consistent with the recommendation. *Id.* Thus, in arguing in favor of a sentencing recommendation that the state has agreed to make, the prosecutor must refrain from either explicitly or implicitly repudiating the agreement. Our decision in Kluttz v. Warden, 99 Nev. 681, 669 P.2d 244 (1983) illustrates this proscription.

In *Kluttz,* the prosecutor agreed to recommend a sentence of no more than two years. 99 Nev. at 682, 669 P.2d at 244. However, at sentencing, the prosecutor explained that he was unaware of the defendant's prior record at the time he negotiated the plea agreement and then addressed that record. *Id.* at 682-83, 669 P.2d at 244-45. This court recognized that the prosecutor did not expressly violate the plea agreement because he asked for a two-

---

[5]Although we now hold that a promise to recommend a sentence does not preclude the state from arguing in favor of its recommendation, nothing in this opinion should be taken to impose on a prosecutor an implied duty to affirmatively or enthusiastically advocate the terms of a plea bargain. *See* United States v. Benchimol, 471 U.S. 453, 455-56 (1985).

[6]To the extent that our decision in *Statz* could be interpreted to the contrary, it is hereby overruled.

year sentence. *Id.* at 684, 669 P.2d at 245. Nonetheless, this court concluded:

> [I]n advising the sentencing judge that the state had entered into the plea bargain without knowledge of all of the salient facts, the prosecutor implicitly was seeking a sentence in excess of two years. The vice in the state's conduct was not that it mentioned [the defendant's] prior criminal record, but its insinuation that the plea bargain should not be honored.

*Id.* (citation omitted). Accordingly, this court concluded that the prosecutor's comments violated the spirit of the plea agreement. *Id.* at 684, 669 P.2d at 246; *see also* Wolf v. State, 106 Nev. 426, 794 P.2d 721 (1990) (concluding that prosecutor breached spirit of agreement to argue for sentence of no more than five years by implicitly arguing for presentence report's recommendation of nine years).

In this case, the state did not agree to stand silent or refrain from making a recommendation. Rather, the state agreed to make a specific recommendation—it agreed to concur in the recommendation of the Division of Parole and Probation. We therefore conclude that Sullivan could not have reasonably understood the agreement to restrict the state's right to argue in favor of the sentence recommendation.[7]

Moreover, we conclude that the prosecutor did not breach the plea agreement. The prosecutor complied with the plea agreement by concurring in the recommendation of the Division of Parole and Probation. The prosecutor's specific comments about Sullivan's criminal record and the circumstances of the instant offenses were clearly intended to support the sentencing recommendation that the state agreed to make. Nothing in the prosecutor's comments implicitly or explicitly sought a harsher sentence than the state agreed to recommend. Thus, the comments did not undercut the sentence recommendation. We therefore conclude that the prosecutor did not breach the terms or the spirit of the plea agreement.

### The Robbery Conviction

Our review of the record in this case revealed a possible error in the judgment of conviction with respect to the conviction for robbery with the use of a deadly weapon. Both the plea agreement

---

[7]Although not dispositive, Sullivan's failure to object to the prosecutor's comments as a breach of the plea agreement evidences Sullivan's understanding that the agreement did not preclude those comments.

and the judgment of conviction indicate that Sullivan pleaded guilty to robbery with the use of a deadly weapon. However, in the plea agreement, Sullivan was informed of the sentence range for robbery, but not of the sentence enhancement for the use of a deadly weapon. Moreover, at the arraignment, the district court was informed that the state had agreed not to pursue the deadly weapon enhancement pursuant to the plea negotiations. The district court did not impose a sentence for the deadly weapon enhancement. Under the circumstances, it would appear that Sullivan pleaded guilty to robbery, not robbery with the use of a deadly weapon. Therefore, the judgment of conviction erroneously adjudicates Sullivan guilty of robbery with the use of a deadly weapon.

## *CONCLUSION*

We conclude that the plea agreement in this case did not preclude the state from arguing in favor of the sentence recommendation. We further conclude that the prosecutor's comments at sentencing did not breach the spirit or the terms of the plea agreement. However, we conclude that the judgment of conviction erroneously states that Sullivan pleaded guilty to robbery with the use of a deadly weapon. Accordingly, we remand this case to the district court for the sole purpose of correcting the judgment of conviction consistent with this opinion.