An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD MCLEAN BUCKNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61595

FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary.[1] Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant Donald McLean Buckner contends that the State breached the plea agreement by asking the district court to impose a prison term of 8-20 years. Buckner claims that pursuant to negotiations, "the State was to ask the Court to have [h]im classified as a habitual criminal pursuant to NRS 207.010(1)(a), nothing more," and that "[b]y affirmatively asking the Court to impose a sentence higher than the base range of five (5) to twenty (20) years, [the prosecutor] violated the Agreement." We disagree with Buckner's contention.

"When the State enters into a plea agreement, it is held to the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." *Sparks v. State*, 121

---

[1]The judgment of conviction erroneously states that Buckner was convicted "of Being an Habitual Criminal." Upon issuance of the remittitur, the district court shall enter an amended judgment of conviction that corrects this clerical error. *See* NRS 176.565; *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994).

13-14376

Nev. 107, 110, 110 P.3d 486, 487 (2005) (internal quotation marks omitted). Here, pursuant to negotiations and as reflected in the plea agreement memoranda, the State sought "small" habitual criminal adjudication pursuant to NRS 207.010(1)(a). The plea agreement noted that "[t]he State will be free to argue for an appropriate sentence." The State followed the terms of the agreement at the sentencing hearing by asking for habitual criminal adjudication pursuant to NRS 207.010(1)(a) and the imposition of a prison term within the statutory range. Nothing in the record indicates that the State was precluded from arguing in the manner Buckner suggests. Buckner concedes that he did not object to the alleged breach of the plea agreement, and we conclude that he fails to demonstrate plain error entitling him to relief. *See Sullivan v. State*, 115 Nev. 383, 387 n.3, 990 P.2d 1258, 1260 n.3 (1999) (we review an unobjected-to plea breach allegation for plain error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                              Saitta


cc:    Hon. Brent T. Adams, District Judge
       Michael V. Roth
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk