An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ABRAWIEN COLLINS PERCY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61964

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of invasion of the home, burglary, and three counts of sexual assault of a victim 60 years of age or older. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge. Appellant Abrawien Percy raises eight claims of error on appeal.

First, Percy contends that there was insufficient evidence to support his convictions. Percy focuses on the evidence of identity and sexual penetration. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Here, evidence was presented that the 63 year-old victim awoke to find a man wearing a black jacket with red trim hiding behind a couch in her living room in the early morning hours. The man was concealing a metal bar resembling a tire iron or lug wrench in his pants, told her he would not hurt her if she did not make any noise, and ordered her to lie down on the couch. He then removed her pants and underwear,

14-11547

digitally penetrated her vagina, put his mouth on her vagina, and digitally penetrated her anus slightly. The victim offered the man food and a can of soda to discourage him from taking her upstairs to her bedroom. When the police arrived they discovered pry marks on the sliding glass door and dusted the soda can for fingerprints. The fingerprints lifted from the soda can matched Percy's fingerprints. The victim testified that she had never met the perpetrator before. After a search warrant was executed at Percy's home, law enforcement found a lug wrench and a black jacket with red trim containing Percy's DNA in his bedroom. At trial, the victim testified that Percy looked like the man who sexually assaulted her.

We conclude that a rational juror could infer from these circumstances that Percy forcibly entered the victim's home with the intent to commit a felony and committed three separate acts of sexual assault on a victim 60 years of age or older.[1] *See* NRS 193.167(1)(g); NRS 200.366(1); NRS 205.067(1); NRS 205.060(1); *see also* NRS 200.364(5) (defining "sexual penetration" as "cunnilingus, fellatio, or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another"). "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *McNair*, 108 Nev. at 56, 825 P.2d at 573. The verdict will not be disturbed on appeal, where, as here, substantial evidence supports Percy's convictions. *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see*

---

[1]Because this is not a fingerprint-only case, we need not decide whether the analysis conducted in *Mikes v. Borg*, 947 F.2d 353, 356-57 (9th Cir. 1991), should inform this court's sufficiency of the evidence review in cases where the only evidence of identity is fingerprints.

*also Buchanan v. State,* 119 Nev. 201, 217, 69 P.3d 694, 705 (2003) (circumstantial evidence alone may sustain a conviction).

Second, Percy contends that his three counts for sexual assault should merge because they were part of one continuous and uninterrupted action. *See Townsend v. State,* 103 Nev. 113, 121, 734 P.2d 705, 710 (1987). We disagree. Percy digitally assaulted the victim's vagina, poured water on her vagina and orally assaulted the victim, instructed the victim to turn over onto her hands and knees before anally assaulting her, and then instructed the victim to turn back over before digitally assaulting the victim's vagina a second time. There is no merger because the three acts were separate and distinct acts of sexual assault. *See Peck v. State,* 116 Nev. 840, 848-49, 7 P.3d 470, 475 (2000), *overruled on other grounds by Rosas v. State,* 122 Nev. 1258, 147 P.3d 1101 (2006); *see also Deeds v. State,* 97 Nev. 216, 217, 626 P.2d 271, 272 (1981) ("The great weight of authority supports the proposition that separate and distinct acts of sexual assault committed as a part of a single criminal encounter may be charged as separate counts and convictions entered thereon."). These separate acts cannot be considered a "hypertechnical division of what was . . . a single act." *Townsend,* 103 Nev. at 121, 734 P.2d at 710. Therefore, this claim lacks merit.

Third, Percy contends that the district court erred by admitting hearsay. Percy objected to the admissibility of a 911 recording in which the victim's friend, who was not present during the assault, spent seventeen minutes relaying the details of what happened during the home invasion and assault to the 911 operator. The State argued that the 911 recording was admissible under the business records exception to the hearsay rule. Percy pointed out that the 911 recording contained third-

party hearsay where the victim's friend related the victim's out-of-court statements to the 911 operator. The district court overruled the objection and admitted the evidence.

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted" and is generally inadmissible. NRS 51.035; NRS 51.065(1). In this case there were multiple layers of hearsay: the 911 recording itself and the victim's statement to her friend. The business records exception to the hearsay rule applies to "[a] memorandum, report, record or compilation of data, in any form, . . . unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." NRS 51.135. Even if we assume that the methods or circumstances used to prepare the 911 recording were trustworthy, the victim's out-of-court statements that were relayed to the 911 operator by the caller were not admissible unless they were covered by a separate hearsay exception. The State failed to establish during trial or on appeal any reliable basis for applying a hearsay exception to the caller's statements. Therefore, the entire 911 recording was inadmissible and the district court erred by admitting it. However, we agree with the State that its admission was harmless because the recording was almost entirely cumulative of the victim's testimony during trial. *See Mejia v. State,* 122 Nev. 487, 493 n.15, 134 P.3d 722, 725 n.15 (2006) (explaining that the victim's testimony alone is sufficient to support a sexual assault conviction). Although the 911 caller did disclose that Percy told the victim he was in jail for four days for traffic tickets, in light of the substantial evidence presented here, we cannot conclude that this information or any other part of the recording substantially affected the jury's verdict. *See Valdez v. State,* 124 Nev.

1172, 1189-90, 196 P.3d 465, 476-77 (2008). Therefore, Percy is not entitled to relief on this claim.

Fourth, Percy contends that the district court admitted bad acts evidence in violation of NRS 48.045(2) by admitting two different statements. The first statement was contained in the 911 recording and alleged that Percy had been in jail for traffic tickets. It does not appear, however, that Percy made a contemporaneous objection to the 911 recording on this basis. *See Sullivan v. State*, 115 Nev. 383, 387 n.3, 990 P.2d 1258, 1260 n.3 (1999) (reviewing claim for plain error when appellant failed to make a contemporaneous objection). Regardless, Percy is not entitled to relief based on the admission of this statement under harmless or plain error review because, as discussed above, this statement did not substantially affect the jury's verdict. *See* NRS 178.598; NRS 178.602; *Valdez*, 124 Nev. at 1189-90, 196 P.3d at 476-77. The second statement was contained in a recorded conversation between Percy and his sister and mother. Percy contends that his mother's statements implied that Percy "had committed other crimes and/or bad acts" in violation of NRS 48.045(2). We disagree. The vague statement made by Percy's mother was not character evidence that the jury may have believed was introduced in order to show that Percy acted in conformity therewith on the day of the home invasion. *See* NRS 48.045(2). Therefore, Percy is not entitled to relief on these claims.

Fifth, Percy contends that the district court erred by failing to issue a limiting instruction sua sponte. *See Tavares v. State*, 117 Nev. 725, 731, 30 P.3d 1128, 1132 (2001), *holding modified by Mclellan v. State*, 124 Nev. 263, 268-69, 182 P.3d 106, 110-11 (2008). During cross-examination of a police officer, Percy asked the officer why law

enforcement was monitoring people exiting city buses and stopped "somebody" exiting the bus. The officer responded by stating, "[w]e had several calls or cases within like a 30-day period involving a very generic description." This vague statement about "somebody" did not require the district court to issue a limiting instruction sua sponte because it did not qualify as a prior bad act under NRS 48.045(2). Even if it did, the district court's failure to give such an instruction was harmless. *See Rhymes v. State*, 121 Nev. 17, 24, 107 P.3d 1278, 1282 (2005).

Sixth, Percy contends that the district court erred by refusing to give an instruction on open or gross lewdness as a lesser-included offense of sexual assault. This court has held that open lewdness involves the intent to commit a sexual act that could be observed by another and would be offensive to observers. *Berry v. State*, 125 Nev. 265, 280-82, 212 P.3d 1085, 1095-97 (2009), *abrogated on other grounds by State v. Castaneda*, 126 Nev. ___, 245 P.3d 550 (2010). Gross lewdness involves the intent to commit a sexual act which is glaringly noticeable or obviously objectionable. *Id.* at 281, 212 P.3d at 1096. Open or gross lewdness would be a lesser-included offense of sexual assault only if the elements of open or gross lewdness are entirely included within the elements of sexual assault—nonconsensual sexual penetration. *Wilson v. State*, 121 Nev. 345, 358-59, 114 P.3d 285, 294 (2005); *see* NRS 200.366. "The test ultimately resolves itself on whether the provisions of each of the different statutes require the proof of a fact that the other does not." *Wilson*, 121 Nev. at 359, 114 P.3d at 294-95. While it is true that nonconsensual sexual penetration is a sexual act which could be observed and would be offensive to any observer including the victim, it is not necessarily true that the two offenses share the same elements. For example, the act of sexual assault

SUPREME COURT
OF
NEVADA

(O) 1947A

always involves an act performed on the victim, while the sexual act of open or gross lewdness could be performed on either the perpetrator or the victim. The harm caused by open or gross lewdness involves the possibility of observing an offensive sexual act while the harm caused by sexual assault is being physically subjected to nonconsensual sexual penetration. Therefore, open or gross lewdness is not a lesser-included offense of sexual assault and the district court did not err by refusing to give the instruction.

Seventh, Percy contends that his sentence amounts to cruel and unusual punishment under the United States and Nevada constitutions. *See* U.S. Const. amend. VIII; Nev. Const. art. 1, § 6. Percy's sentence of three consecutive terms of life in prison with a possibility of parole after ten years, each with a consecutive term of 12 to 240 months, a consecutive term of 96 months with a minimum parole eligibility of 38 months and a concurrent term of 98 months with a minimum parole eligibility of 28 months, falls within the parameters provided by the relevant statutes, *see* NRS 193.167(1); NRS 200.366(2)(b); NRS 205.060(2); NRS 205.067(2), and the sentence is not so unreasonably disproportionate to the gravity of the offenses as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *Harmelin v. Michigan*, 501 U.S. 957, 1000–01 (1991) (plurality opinion). Therefore, Percy's sentence did not amount to cruel and unusual punishment.[2]

---

[2]To the extent that Percy argues, for the first time in his reply brief, that the procedures required in NRS 193.167(3) were not followed, we decline to consider that allegation. *See* NRAP 28(c); *see also Elvik v. State*, 114 Nev. 883, 888, 965 P.2d 281, 284 (1998) (explaining that arguments made for the first time in a reply brief prevent the respondent from responding to appellant's contentions with specificity).

Finally, Percy contends that cumulative error warrants reversal. "When evaluating a claim of cumulative error, we consider the following factors: (1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (internal quotation marks omitted). Having considered these factors we conclude that the cumulative effect of any errors does not entitle Percy to the reversal of his convictions, and we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Valorie J. Vega, District Judge
Thomas Michaelides
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk