An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DEARCY BEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63206

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal pursuant to NRAP 4(c) from a judgment of conviction, pursuant to a guilty plea, of burglary while in possession of a deadly weapon (count 1), attempted robbery (count 2), and assault with a deadly weapon (count 3). Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant's sole claim on appeal is that the State breached the plea agreement. In return for his guilty plea, the State agreed to recommend that counts 2 and 3 run concurrently to each other but that it could argue for count 1 to run consecutively to counts 2 and 3. The State also agreed not to argue for a sentence that exceeded 18 years.[1] Appellant was sentenced in the same hearing as his codefendant. During argument

---

[1]The district court sentenced appellant to serve 48 to 120 months for burglary while in possession of a firearm (count 1), 24 to 120 months for attempted robbery (count 2), and 24 to 72 months for assault with a deadly weapon (count 3), with counts 2 and 3 to run concurrently with each other and consecutively to count 1.

14-19082

directed toward the codefendant's sentence, the prosecutor commented, "I want to point out to the Court, however, and we did this with both defendants," that the agreed-upon sentence did not reflect the total range of punishment possible for the offenses but that "we're going to stick to our negotiations and not ask for more than seven years." The prosecutor further commented that there were "pluses and minuses to doing negotiations that way" and that the disadvantage was that the district court "kind of focuses on, well, the maximum seven years, when really the maximum for attempt robbery is ten years, we're merely agreeing not to argue for more than seven. So we're arguing for, essentially, what would be a mid-range sentence." Appellant acknowledges that these comments were made during the codefendant's sentencing but argues that the prosecutor's statement that "we did this with both of the defendants" referred to him and breached the spirit of his plea agreement by reminding the district court that a sentence greater than the agreed-upon sentence could be imposed. He argues that the State's breach was further evidenced by the prosecutor's comments during his sentencing that the agreed-upon sentence was not the maximum sentence possible for his offenses, describing the recommended sentence as "mid-range," and the prosecutor's request that appellant be sentenced to the "maximum of 18 (eighteen) that [the State] can argue for." Because appellant did not object during the sentencing hearing, we review his claim for plain error affecting his substantial rights. See Sullivan v. State, 115 Nev. 383, 387 n.3, 990 P.2d 1258, 1260 n.3 (1999); see also Hanley v. State, 97 Nev. 130, 137, 624 P.2d 1387, 1391 (1981) (concluding that the defendant's failure to object to an alleged plea bargain violation during the sentencing hearing

waived appellate review of the claim), *abrogated on other grounds as stated in Woods v. State*, 114 Nev. 468, 475-76, 958 P.2d 91, 96 (1998).[2]

When the State enters into a plea agreement, it "is held to 'the most meticulous standards of both promise and performance'" in fulfillment of both the terms and the spirit of the plea bargain. *Van Buskirk v. State*, 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986) (quoting *Kluttz v. Warden*, 99 Nev. 681, 683-84, 669 P.2d 244, 245 (1983)). "[I]n arguing in favor of a sentencing recommendation that the state has agreed to make, the prosecutor must refrain from either explicitly or implicitly repudiating the agreement." *Sullivan*, 115 Nev. at 389, 990 P.2d at 1262. Considering the challenged comments in context, we conclude that the prosecutor's statements made during the codefendant's sentencing were not a call to the district court to impose a sentence greater than the agreed-upon sentence and the State did not explicitly or implicitly repudiate the agreement but merely conveyed to the district court during appellant's sentencing that although the agreed-upon sentence was not the maximum possible sentence, it was appropriate under the facts and

---

[2]We note that appellant filed a motion to vacate the judgment of conviction, arguing that the State breached the plea agreement on the grounds asserted in this appeal. The district court denied the motion, concluding that the prosecutor's comments made during the codefendant's sentencing were unequivocally directed toward the codefendant, not appellant, and that the State "wholeheartedly embraced the terms of [appellant's] plea agreement, referring to the agreed-upon 18-year maximum multiple times throughout their argument."

circumstances of the offenses. Because appellant has not demonstrated plain error, we

ORDER the judgment of conviction AFFIRMED.


_____, J.
Pickering


_____, J.          _____, J.
Parraguirre                                      Saitta


cc:     Hon. Jerome T. Tao, District Judge
        Keith C. Brower
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk