An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

D'VAUGHN KEITHAN KING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64983

**FILED**

NOV 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of second-degree murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant D'Vaughn King argues that he is entitled to a new sentencing hearing on the bases that (1) the State breached the plea agreement, (2) the district court abused its discretion by sentencing him to a term consecutive to his sentence in California on a separate conviction and by deviating significantly from the recommended sentence in the plea agreement as to the deadly weapon enhancement, and (3) King's guilty plea ceased to be knowing and voluntary because he did not know that the district court would significantly deviate from the recommended period for the deadly-weapon enhancement. We disagree.

As part of the plea agreement, the State agreed that it would argue for a consecutive sentence of no more than two to six years for King's use of a deadly weapon. The State expressly reserved the right to argue that the sentences should be consecutive to King's current prison term in California. King argues that the State breached the spirit of the plea agreement by presenting evidence relating to King's role in the crime, which he contends violated the State's commitment not to argue for an

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37298

enhancement term greater than two to six years for the use of a deadly weapon. The State is held to "the most meticulous standards of both promise and performance" in fulfillment of both the terms and spirit of the plea bargain. *Van Buskirk v. State*, 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986) (internal quotation marks omitted). The violation of either the terms or the spirit of the agreement requires reversal. *Id.*

Here, the plea agreement expressly reserved to the State the right to argue for consecutive sentencing, as well as for the agreed-upon term for the deadly-weapon enhancement. The record shows that the State clearly recommended the agreed-upon term for the deadly-weapon enhancement. The testimony and exhibit that the State submitted did not implicitly undermine the State's fulfillment of its commitment but rather provided context relating to the pre-sentence investigation report and factual disputes raised by King, without introducing new material information. *See Sullivan v. State*, 115 Nev. 383, 389, 990 P.2d 1258, 1261-62 (1999) (holding that a promise to recommend a particular sentence does not restrict the State from arguing or presenting facts in favor of its sentence recommendation, although the State must be careful to avoid explicitly or implicitly undermining that recommendation). The State's evidence supported the arguments that it was permitted to make under the plea agreement, without implicitly undermining the agreed recommendation. *Compare id.* at 389-90, 990 P.2d at 1261-62 (holding that an agreement to concur in the parole and probation department's recommendation did not preclude the State from making comments intending to support the sentence that the State agreed to recommend), *with Wolf v. State*, 106 Nev. 426, 794 P.2d 721 (1990) (holding that a plea agreement was breached when the State implicitly argued for the

department of parole and probation's recommendation of a nine-year sentence after agreeing to argue for a sentence of no more than five years), *and Klutz v. Warden*, 99 Nev. 681, 669 P.2d 244 (1983) (holding that the spirit of a plea agreement was breached when the prosecutor stated that he entered the plea bargain without knowledge of the defendant's criminal record, thus implying that he was seeking a longer term than contained in the agreement). Accordingly, we conclude that the State did not breach the terms or the spirit of the plea agreement. *See Sullivan*, 115 Nev. at 387, 990 P.2d at 1260.

We also reject King's argument that the district court abused its discretion by sentencing him to a term consecutive to his sentence in California on a separate conviction and by imposing a sentence for the use of a deadly weapon that significantly deviated from the plea agreement's recommendation. King has not demonstrated that the district court abused its discretion in determining that his sentence shall be served consecutively to his California sentence, *see* NRS 176.045(1), nor has he shown that the district court relied only on impalpable or highly suspect evidence in imposing a consecutive sentence that deviated from the recommended term in the plea agreement, *see Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996). The district court imposed a sentence within the statutory parameters. *See* NRS 176.045; NRS 193.165. Further, the plea agreement stipulated that both parties would be free to argue the consecutive-sentencing issue, and King acknowledged that the district court had sole discretion in determining his sentence and that he was subject to a possible sentencing range for the deadly-weapon enhancement of one to twenty years. We conclude that the district court did not abuse its discretion. *See Denson*, 112 Nev. at 492, 915 P.2d at 286

(holding that the sentencing judge has wide discretion in imposing a sentence).

King does not cite authority for his argument that his guilty plea ceased to be knowing and voluntary because he did not know that the district court would significantly deviate from the recommended period for the deadly-weapon enhancement. Accordingly, we need not consider this claim. *See Cunningham v. State*, 94 Nev. 128, 130, 575 P.2d 936, 938 (1978) (holding that contentions unsupported by legal authority need not be considered on appeal).

Having considered King's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                           Cherry

cc:     Hon. Patrick Flanagan, District Judge
          Karla K. Butko
          Attorney General/Carson City
          Washoe County District Attorney
          Washoe District Court Clerk