An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEVON ANTHONY GILLESPIE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64957

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a credit or debit card without the cardholder's consent. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Levon Anthony Gillespie negotiated a "package" guilty plea agreement which permitted him to plead guilty to reduced charges in this case and an unrelated case. Gillespie pleaded guilty in his other case, but on the date he was set to plead in this case, he indicated that he wanted to represent himself at a trial instead. Gillespie was canvassed pursuant to *Faretta v. California*, 422 U.S. 806 (1975), wherein he explained that he understood pretrial discovery procedures, the elements of the crime for which he was charged, and the State's burden of proof at trial. The district court granted Gillespie's self-representation request and a trial date was set. Gillespie moved to dismiss the charge, and the State moved to force him to plead guilty pursuant to the agreement. At no point during the hearing on the motions, or at any time in the interim, did Gillespie assert that he wanted to plead guilty. Thus, the State withdrew its motion and began to prepare for trial. One week

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40311

later, after the State sought permission to admit unfavorable evidence, Gillespie informed the court that he wanted to plead guilty pursuant to the negotiated agreement and had intended to do so all along. The State responded that the offer had lapsed, but noted that Gillespie was free to plead guilty to the charged crime without the negotiated benefits. Gillespie declined to do so, and the district court denied his request to plead guilty pursuant to the defunct agreement.

First, Gillespie contends that his right to due process was violated because the district court rejected his plea to the reduced charge. Gillespie contends that the district court was required to accept his plea because the agreement never specified a time in which he had to enter the plea and he believed he could plead guilty at any time. *See Sullivan v. State*, 115 Nev. 383, 387, 990 P.2d 1258, 1260 (1999) ("A plea agreement is construed according to what the defendant reasonably understood when he or she entered the plea."). Gillespie also contends that he detrimentally relied on the agreement by pleading guilty in his other case. *See State v. Crockett*, 110 Nev. 838, 844-44, 877 P.2d 1077, 1080 (1994). We reject each assertion and conclude that Gillespie's right to due process was not violated. It was Gillespie's actions, not the State's, which precluded him from entering a plea pursuant to the terms of the negotiated agreement. His assertion that he never requested a trial and always intended to plead guilty is belied by the record. We conclude that no relief is warranted.

Second, Gillespie contends that the district court erred by admitting testimony that he was on parole during the incident as res gestae. Evidence of an uncharged bad act is admissible as res gestae if "it is so closely related to the act in controversy that the witness cannot describe the act without referring to the other uncharged act or crime."

*Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005). The evidence underlying the charge in this case was discovered by Gillespie's parole officer while conducting a random search of his reported residence. During the search, Gillespie reached for a large envelope. The officer briefly looked through the envelope and saw that it contained letters to inmates, with whom contact was prohibited by the conditions of Gillespie's parole. Suspicions aroused, the officer took the envelope and searched it on a later date, wherein she discovered credit card information of another person that had been reported as compromised. Because the officer could not reasonably explain how she discovered the evidence without explaining that Gillespie was on parole, we conclude that the district court did not abuse its discretion.[1]

Third, Gillespie contends that the district court violated his right to due process and effective assistance of counsel by denying his requests for a continuance. "This court reviews the district court's decision regarding a motion for continuance for an abuse of discretion." *Rose v. State*, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007). Gillespie asserted that a continuance was necessary because the decision to admit his parolee status required him to "reposition" his defense. The district court rejected Gillespie's assertion because he was aware that his parole status was an issue in the case. The district court also found that Gillespie's purportedly new defenses were essentially the same as those that existed before the evidence was admitted. We agree. Moreover, Gillespie fails to demonstrate that he was prejudiced by the failure to

[1]We also agree that this evidence was admissible pursuant to NRS 48.045(2), as the State argued in the alternative below.

grant a continuance. *See Higgs v. State*, 126 Nev. ___, ___, 222 P.3d 648, 653 (2010). We conclude that the district court did not abuse its discretion by denying his motion for a continuance.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc:    Hon. Michelle Leavitt, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk