# IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM MICHAEL TOOMBS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80617

ADAM MICHAEL TOOMBS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80618

FILED

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from judgments of conviction, pursuant to guilty pleas, of two counts of attempted sexual assault. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Adam Toombs appeals his sentence for attempted sexual assault, arguing that the State breached the spirit of the parties' plea agreements.[1] Toombs was originally charged with two counts of sexual assault involving two separate victims. Toombs later entered into plea agreements with the State to lessen the charges from sexual assault to attempted sexual assault. In exchange, Toombs pleaded guilty to attempted sexual assault in both cases.

---

[1]We do not recount the facts except as necessary to our disposition.

20-46383

Under both plea agreements, the State was permitted to argue for an appropriate sentence at the sentencing hearing and "present arguments, facts, and/or witnesses at sentencing in support of the plea agreement." The Division of Parole and Probation (the Division) prepared a presentence investigation report (PSI) that recommended consecutive terms of 36 to 96 months on both counts of attempted sexual assault. At the sentencing hearing, the State asked for consecutive maximum terms of 96 to 240 months for each offense. In arguing for the longer sentence, the State commented that it was prepared to go to trial on the "[s]exual assault[ charges, n]ot attempted sexual assault[ ]." With such a disparity in sentencing recommendations, the district court asked the State how it could "reconcile [the State's] argument with the Division's recommendation." The State responded that the Division's recommendation was based "on a legal fiction . . . . What we're talking about today is sexual assaults, not attempted sexual assaults." The district court informed the State that it could not "sentence [Toombs] on a sexual assault if the State chose to negotiate it to something less."

Toombs argues on appeal that the State breached the spirit of the parties' plea agreements during sentencing when it argued that he should be sentenced for sexual assault rather than attempted sexual assault. We disagree.[2]

Due process requires that a plea agreement is kept when a defendant enters a guilty plea. *Van Buskirk v. State*, 102 Nev. 241, 243,

_____

[2]The State asserts that Toombs did not properly object below. We disagree with this contention because Toombs informed the district court before sentencing that he had an issue with the State's comments. Regardless, it is not necessary for us to reach this issue because we do not find a violation of the plea agreement.

720 P.2d 1215, 1216 (1986) (citing *Santobello*, 404 U.S. 257 (1971)). In determining whether the State has violated the terms of a plea agreement, "the prosecution is held to the most meticulous standards of both promise and performance." *Kluttz v. Warden, Nev. State Prison*, 99 Nev. 681, 683, 669 P.2d 244, 245 (1983); *see also Citti v. State*, 107 Nev. 89, 91, 807 P.2d 724, 726 (1991).

We conclude that the State's comments do not amount to a breach of the parties' plea agreement. Although the State mentioned the underlying crime of sexual assault and its resulting facts, the State argued for a sentence that was within the parameters of the legal statutory sentencing range for attempted sexual assault. *See* NRS 193.330 (providing the sentencing guidelines for attempted criminal acts); *see also* NRS 200.366(2)(b) (providing the sentencing guidelines for sexual assault, a category A felony). The State did not violate the terms of the plea agreement by arguing that it should not be honored. *Cf. Kluttz*, 99 Nev. at 684, 669 P.2d at 245 (reversing conviction where the prosecutor "insinuate[ed] that the plea bargain should not be honored"). The State was permitted to argue the underlying facts of the crime in order to argue for an appropriate sentence within the limits of the plea agreement. *See Sullivan v. State*, 115 Nev. 383, 390, 990 P.2d 1258, 1262 (1999) (holding that the prosecutor did not go against the recommended sentence by arguing the underlying facts of the crime, nor did the prosecutor "implicitly or explicitly [seek] a harsher sentence" than agreed upon; thus, there was no breach of the plea agreement).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. David A. Hardy, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk