## ROBERT VERNON LOVIE, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 22887

July 21, 1992                                      835 P.2d 20

*Frederick B. Lee, Jr.*, Public Defender and *Peter F. Carroll*, Deputy Public Defender, Elko County, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Marshall Smith*, District Attorney and *Cheryl Phillips*, Deputy District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction pursuant to a guilty plea of one count of third offense driving while intoxicated.[1] Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

Appellant was stopped for speeding on August 2, 1991, in Elko County, Nevada. He smelled of alcohol and failed several field sobriety tests. A subsequent breath test revealed a blood alcohol level of between 0.16 and 0.14 percent. Appellant agreed to plead

---

[1]The judgment of conviction recites that appellant is guilty of one count of driving under the influence and one count of third offense driving under the influence. The judgment is duplicative and therefore erroneous. The district court, however, imposed sentence only for the count of third offense driving under the influence. Thus, appellant has not been prejudiced by the error.

guilty to third offense driving while intoxicated, NRS 484.3792(1)(c), in return for the state's promise to recommend a sentence of one year. At the October 16, 1991, sentencing hearing the state requested a sentence of one year. The district court imposed a sentence of three years. The day after the sentencing hearing, appellant filed a motion to withdraw his guilty plea pursuant to NRS 174.065(3). The district court denied the motion on the ground that the motion should have been made at the time of sentencing and was therefore untimely.

Appellant argues that under the plain language of NRS 174.065(3), the district court erred by not affording him an opportunity to withdraw his plea.[2] We agree.

NRS 174.065(3) (emphasis added) reads in pertinent part:

> On a plea of guilty . . . the defendant and the district attorney may agree to recommend an appropriate punishment. The court may defer its decision upon the recommendation until it has considered the presentence report. If the court accepts the recommendation, it shall impose the specified punishment or a lesser punishment. *If the court rejects the recommendation, the defendant may withdraw the plea.*

The above subpart took effect October 1, 1991. *See* 1991 Nev. Stats. ch. 265, §§ 1, 4, at 651-52. Appellant was sentenced on October 16, 1991. Thus, the newly enacted statute was in effect at the time of appellant's sentencing hearing.

The right established by the final sentence of NRS 174.065(3) is designed to facilitate the withdrawal of a guilty plea when the district court imposes a punishment greater than that contemplated by the plea agreement. For this right to be meaningful, the district court must afford the defendant an opportunity to exercise it. Other jurisdictions have held that under this type of statute, a defendant must be afforded the opportunity to withdraw his guilty plea if the motion to withdraw is made within a reasonable time. *See, e.g.,* State v. De Nistor, 694 P.2d 237 (Ariz. 1985); State v. Huttinger, 595 P.2d 363 (Mont. 1979). Appellant moved to withdraw his guilty plea one day after the sentencing hearing. We conclude that appellant's motion to withdraw his plea was filed within a reasonable time, and that the district court failed to afford appellant a meaningful opportunity to withdraw his plea. We hold, therefore, that the district court erred in denying appellant's motion to withdraw his guilty plea.

For the reasons set forth above, we reverse the order of the

---

[2]Appellant's argument is unopposed by the state, which concedes error and argues that the district court should have granted appellant's motion.

district court denying appellant's motion to withdraw his plea, and remand this case to the district court for further proceedings consistent with this opinion.[3]

---

[3]Because we find this issue dispositive, we decline to address appellant's other arguments.