## MARK ANTHONY STAHL, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 23522

April 27, 1993                              851 P.2d 436

*Michael R. Specchio,* Public Defender, Washoe County; *Jane G. McKenna,* Chief Appellate Deputy, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney and *David Wayment,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of being under the influence of a controlled substance in violation of NRS 453.411. Appellant, Mark Anthony Stahl, entered into a plea agreement. In return for appellant's guilty plea, the state agreed to recommend that appellant's sentence run concurrent to any other sentence he was serving. At appellant's arraignment, the terms of the plea agreement were explained to the district court, and the court conducted a plea canvass. During the plea canvass, the following exchange occurred:

> THE COURT: You understand sentencing in this case is entirely up to me, nobody else?
> APPELLANT: Yes.
> THE COURT: The lawyers will make a recommendation, and I usually follow them, sometimes I don't. You going to take a chance with me on this?
> APPELLANT: Yeah.

At sentencing, the state and appellant both urged the district court to follow the sentencing recommendation of concurrent sentences. The court rejected the joint recommendation, and appellant moved to withdraw his plea pursuant to NRS 174.065(3).[1] The court denied the motion and imposed a sentence to be served consecutively to appellant's other sentence.

Appellant contends that the district court erred in denying his motion to withdraw his guilty plea after the court rejected the sentencing recommendation. We agree.

The state argues that the district court actually rejected the sentencing recommendation during the plea canvass. The state has misunderstood the clear intent of NRS 174.065(3). NRS 174.065(3) creates a statutory right to withdraw a guilty plea when the court rejects a sentencing recommendation.

> The right established by the final sentence of NRS 174.065(3) is designed to facilitate the withdrawal of a guilty plea *when the district court imposes a punishment greater*

---

[1]NRS 174.065(3) provides:

On a plea of guilty . . . the defendant and the district attorney may agree to recommend an appropriate punishment. The court may defer its decision upon the recommendation until it has considered the presentence report. If the court accepts the recommendation, it shall impose the specified punishment or a lesser punishment. If the court rejects the recommendation, the defendant may withdraw the plea.

> *than that contemplated by the plea agreement.* For this right
> to be meaningful, the district court must afford the defendant
> an opportunity to exercise it.

Lovie v. State, 108 Nev. 488, 489, 835 P.2d 20, 21 (1992)
(emphasis added). NRS 174.065(3) entitles a defendant who has
bargained for a particular punishment to receive that punishment
at most, or to be given the opportunity to withdraw the plea. The
statute clearly contemplates that a defendant who has bargained
for a sentencing recommendation does not have to "take a
chance" on sentencing.

For NRS 174.065(3) to be meaningful, a defendant must be
afforded the opportunity to withdraw a guilty plea after the
district court announces that it has rejected the recommended
sentence and will impose punishment greater than that agreed
upon in the plea agreement. Merely asking a defendant whether
he understands that the court might not follow the sentencing
recommendation is not a rejection of the recommendation. The
district judge did not reject the sentencing recommendation until
he announced his decision to make appellant serve a consecutive
sentence.

When a defendant pleads guilty pursuant to a plea agreement
containing a sentencing recommendation, and the district court
accepts the proffered guilty plea,[2] the district court retains wide
discretion in imposing sentence. *See* Houk v. State, 103 Nev.
659, 747 P.2d 1376 (1987). NRS 174.065(3), however, denies
the district court discretion to bind a defendant to a guilty plea
prior to the court imposing punishment greater than that specified
under the sentencing recommendation in the plea agreement.
When a district court imposes punishment greater than a sentenc-
ing recommendation contained in a plea agreement, a defendant
has the right to withdraw the plea.

We conclude that the district court did not reject the sentencing
recommendation in appellant's case until the court sentenced
appellant. Appellant's motion to withdraw his guilty plea was
therefore timely, and the district court erred in denying the
motion. Accordingly, we reverse the judgment of conviction, and
remand for further proceedings consistent with this opinion.

---

[2]The trial court is obligated to seriously consider the proffered plea, *see*
NRS 174.035(1); Sturrock v. State, 95 Nev. 938, 604 P.2d 341 (1979), and if
the court rejects the plea, it "'must provide a reasoned exercise of discre-
tion'" on the record. Sparks v. State, 104 Nev. 316, 323, 759 P.2d 180, 184
(1988) (quoting United States v. Ammidown, 497 F.2d 615, 622 (D.C.Cir.
1973)).