*960 OPINION

Per Curiam:

On March 2, 1992, the district court convicted appellant, pursuant to a guilty plea, of one count of second degree murder. The district court sentenced appellant to serve a term of life in the Nevada State Prison with the possibility of parole after five years. Pursuant to a stipulation by the parties, this court dismissed appellant’s direct appeal. Reeves v. State, Docket No. 23119 (Order Dismissing Appeal, July 15, 1992). Appellant filed a petition for post-conviction relief on November 17, 1992. The district court appointed counsel and conducted an evidentiary hearing, after which appellant’s petition was denied. Appellant contends that the district court erred by denying his petition. [Headnote 1]
In his petition, appellant contended that, at the time of the entry of his plea and during his direct appeal, his counsel was ineffective. To state a claim of ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, appellant must demonstrate that his counsel’s performance fell below an objective standard of reasonableness. Further, appellant must demonstrate a reasonable probability that, but for counsel’s errors, appellant would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52 (1985); Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), cert. denied, 471 U.S. 1004 (1985).
First, appellant argued that counsel was deficient because she allowed modification of the plea agreement. Appellant was charged with assault with a deadly weapon, open murder, and conspiracy to commit murder. Pursuant to the plea agreement, the state agreed to dismiss the assault and conspiracy charges and appellant agreed to plead guilty to second degree murder. The plea agreement further stated that the state would recommend a sentence of fifteen years in the Nevada State Prison, and “[p]ur- *961 suant to NRS 174.065(3)[1] if the Court rejects the recommendation of fifteen (15) years and wishes to impose a greater penalty then the defendant may withdraw his plea.” At the arraignment, the district court informed appellant that the district court did not intend to be bound by the recommendation of the state. The district court reasoned that NRS 174.065(3) did not apply in the instant case, because appellant was charged with a crime divided into degrees. The district court concluded that NRS 174.065(1) applied, to the exclusion of NRS 174.065(3). Accordingly, the district judge amended the plea agreement by interlineation so that it provided that appellant could not withdraw his plea in the event of imposition of a sentence greater than that recommended.
The district court then allowed a five minute recess so that appellant could confer with his counsel and decide whether he still wished to enter a guilty plea. After the recess, appellant informed the district court that he still wished to plead guilty pursuant to the agreement.
Appellant contended below that his counsel should have argued against the district court’s refusal to be bound by the agreement. However, we conclude that the district court’s analysis regarding the application of NRS 174.065(3) was correct. NRS 174.065(3) stated that it applied “[o]n a plea of guilty or nolo contendere to another offense . . . .” (emphasis added). We hold that this wording means that if subsection one (applying to crimes divided into degrees) and subsection two (applying only to first degree murder) do not apply, then subsection three comes into play.
*962 This court has previously considered NRS 174.065(3) in two published opinions: Stahl v. State, 109 Nev. 442, 851 P.2d 436 (1993); Lovie v. State, 108 Nev. 488, 835 P.2d 20 (1992). Stahl dealt with a plea of guilty to being under the influence of a controlled substance, and Lovie dealt with a plea of guilty to third offense driving under the influence. The offenses in Stahl and Lovie were “other offenses” within the meaning of NRS 174.065(3), so this court has never addressed the issue of whether NRS 174.065(3) applied to a crime which is also included within subsection one. Because the district court correctly interpreted the statute, appellant’s attorney’s failure to object to the interpretation did not constitute sub-standard performance.
Reeves also argues that his attorney was ineffective because she allowed the judge to modify the plea agreement. In essence, the district judge entered into the plea negotiations, by rejecting the proffered plea agreement and amending it. We conclude that even if Reeves’ attorney’s performance was deficient because she failed to object, Reeves cannot show prejudice. It is highly unlikely that appellant would have insisted on going to trial, in light of the fact that appellant was apprehended with the murder weapon, he admitted having been with the victim earlier in the evening of the murder, and he was in possession of money taken from the victim’s wallet.
Appellant also argued that his counsel was deficient because she stipulated to dismiss appellant’s direct appeal without informing appellant or obtaining his permission. We conclude that this argument is belied by the record. At the evidentiary hearing, counsel testified as to her conversation with appellant regarding the dismissal of the appeal, and also provided phone records which showed a thirty minute collect phone call from appellant less than a week before the stipulation to dismiss was filed with this court.
In light of the above, we conclude that the district court did not err in denying appellant’s petition. Because appellant cannot demonstrate error on appeal, briefing and oral argument are not warranted. Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), cert. denied, 423 U.S. 1077 (1976). Accordingly, the judgment of the district court is affirmed.[2]

 NRS 174.065 formerly provided:
Except as otherwise provided in NRS 174.061:
1. On a plea of guilty to an information or indictment accusing a defendant of a crime divided into degrees, when consented to by the prosecuting attorney in open court and approved by the court, the plea may specify the degree, and in such event the defendant shall not be punished for a higher degree than that specified in the plea.
2. On a plea of guilty to an indictment or information for murder of the first degree, when consented to by the prosecuting attorney in open court and approved by the court, the plea may specify a punishment less than death. The specified punishment, or any lesser punishment, may be imposed by a single judge.
3. On a plea of guilty or nolo contendere to another offense, the defendant and the district attorney may agree to recommend an appropriate punishment. The court may defer its decision upon the recommendation until it has considered the presentence report. If the court accepts the recommendation, it shall impose the specified punishment or a lesser punishment. If the court rejects the recommendation, the defendant may withdraw the plea.
On June 24, 1993, section 3 of NRS 174.065 was repealed.

 Although appellant has not been granted permission to file documents in this matter in proper person, see NRAP 46(b), we have received and considered appellant’s proper person documents. We conclude that the relief requested is not warranted.