# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW DAVID FUGATE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69926

**FILED**

JUN 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of attempted lewdness with a child under the age of 14 years. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

### FACTS AND PROCEDURAL HISTORY

Appellant Matthew Fugate pleaded guilty, pursuant to a plea agreement, to two counts of attempted lewdness with a child under the age of 14 years. *See* NRS 193.330; NRS 201.230. In the plea agreement, the State agreed to cap its sentencing recommendation to two terms of 144 months, running concurrently. The agreement stated that the district court was not bound to follow the sentencing recommendation and, during the plea canvas, the district court informed Fugate to that effect.

During a psychosexual evaluation conducted after Fugate's plea but before sentencing, he claimed he was innocent of the offenses. The evaluator certified Fugate as representing a high risk to reoffend. At the first sentencing proceeding, the district court expressed concerns with the conflict between Fugate's statements during the psychosexual evaluation and his guilty plea. Fugate did not withdraw his guilty plea, and the matter was continued. At the second sentencing proceeding, the

17-19446

State emphasized Fugate's harm to the juvenile victims and his denial of his crimes. The State concluded its argument by emphasizing the need for Fugate's imprisonment while recommending the agreed-upon lesser sentence:

> He is not amenable to rehabilitation. He's not amenable to treatment. The only option the Court has to keep the community safe is to incapacitate him. Your Honor, I stand by my recommendation, my plea bargain, and ask you to impose 57 to 144 months on each count to run concurrently.

The district court noted the discrepancy between the State's argument for incapacitation and the lesser sentence. In addition, the judge stated that he would not have entered into this plea agreement as a former prosecutor. After noting the evaluator's conclusion that Fugate was a high risk to reoffend, the judge reasoned that following the lesser sentencing recommendation would disregard his responsibility to "protect the community, to enforce the law, and also hopefully some day, to rehabilitate the defendant." The district court did not follow the State's sentencing recommendation and sentenced Fugate to two terms of 96 to 240 months, running consecutively.

## DISCUSSION

*The State did not breach the plea agreement.*

Fugate claims that the State breached the plea agreement by undercutting the sentencing recommendation and persuading the district court to impose a harsher sentence. Fugate further argues that this

 

alleged breach necessitates remanding the case and ordering specific performance of the agreement.[1] We disagree.

We may review an alleged breach of a plea agreement regardless of a defendant's failure to object below. *See Sullivan v. State*, 115 Nev. 383, 387 n.3, 990 P.2d 1258, 1260-61 n.3 (1999).

A breach of a plea agreement occurs where the State "explicitly or implicitly undercut[s] the sentencing recommendation by attempting to persuade the sentencing court to impose a harsher sentence than that which it agreed to recommend." *Id.* at 389, 990 P.2d at 1262. A "prosecutor's overall conduct must be reasonably consistent with the recommendation," *id.*, and while "a defendant's failure to object does not necessarily preclude appellate review of an alleged breach of a plea agreement, . . . such a failure may be considered as evidence of the defendant's understanding of the terms of a plea agreement," *id.* at 387 n.3, 990 P.2d at 1260 n.3.

Here, the State neither explicitly nor implicitly undercut the sentencing recommendation contained in the plea agreement. The State explicitly endorsed the sentencing recommendation by asking the district court to impose 57-144 months on each count to run concurrently. As to any potential implicit undercut, we note that the applicable statute provides that the sentence to be imposed could be no less than 24 months

---

[1]Fugate also asks this court to develop a procedure whereby the State cannot argue that the imposition of a different sentence was correct, but he fails to provide any authority to support his request. We decline to address this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

and no more than 240 months for each count. *See* NRS 193.330 (punishment for attempts); NRS 201.230 (lewdness with a child). While the substance of the State's argument at sentencing emphasized that Fugate could not be rehabilitated and stressed the need for incapacitation, these arguments are reasonably consistent with a recommendation of a minimum sentence that is more than double the length of the statutory minimum. Fugate's lack of objection in this matter further supports our conclusion that the State did not breach its agreement during argument. Because the State did not undercut the agreed-upon sentencing recommendation, we conclude that the State did not breach the plea agreement.

*The district court did not abuse its discretion by refusing to follow the plea agreement's sentencing recommendation.*

Fugate argues that the district court abused its discretion because it rejected the plea agreement without any further reasoning or findings of facts, thereby infringing on the prosecutor's basic functions and power to enter into such agreements. We disagree.

"This court may review . . . issues of constitutional dimension . . . despite a party's failure to raise an issue below." *Murray v. State*, 113 Nev. 11, 17, 930 P.2d 121, 124 (1997). This court reviews a trial court's sentencing decision for an abuse of discretion. *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987).

Consistent with the doctrine of separation of powers, the judicial authority includes sentencing authority. *Sandy v. Fifth Judicial Dist. Court*, 113 Nev. 435, 440, 935 P.2d 1148, 1151 (1997). "[T]he district court retains wide discretion in imposing [a] sentence" when accepting a guilty plea pursuant to a plea agreement that includes a sentencing recommendation. *Stahl v. State*, 109 Nev. 442, 444, 851 P.2d 436, 438

(1993). However, "judicial discretion . . . is not meant to invade the legitimate function of the prosecutor." *Sandy*, 113 Nev. at 440, 935 P.2d at 1151. Therefore, if the district court looks to reject a plea bargain *wholesale*, the court "must provide a reasoned exercise of discretion," and the rejection "must be accompanied by findings of fact explaining with particularity" how "the plea amounts to an abuse of prosecutorial discretion." *Id.* at 439-40, 935 P.2d at 1150 (internal quotation marks omitted).

Previously, this court held that a district court abuses its discretion in imposing a sentence "greater than that contemplated by the plea agreement." *Lovie v. State*, 108 Nev. 488, 489, 835 P.2d 20, 21 (1992). Central to this court's prior analysis was NRS 174.065(3), which "entitle[d] a defendant who has bargained for a particular punishment to receive that punishment at most, or to be given the opportunity to withdraw the plea." *Stahl*, 109 Nev. at 444, 851 P.2d at 438. However, NRS 174.065(3) was eliminated by a 1993 amendment to the statute. 1993 Nev. Stat., ch. 279 § 1 at 828.

In this case, Fugate's argument rests on the assumption that the district court rejected the plea agreement in its entirety. However, rejection of the sentencing recommendation contained in an agreement is not a wholesale rejection of an agreement. Thus, the district court was under no obligation to set forth its reasoning as mandated by *Sandy*. 113 Nev. at 442, 935 P.3d at 1152.

Further, both the plea agreement and the district court stated that the sentencing decision was the court's alone. As a result, Fugate consented to the possibility that the district court could impose a sentence higher than the recommendation set forth. The district court was within

 

its sentencing authority to impose a different sentence than what was contemplated by the plea agreement. Therefore, we conclude that the district court did not abuse its discretion in imposing a sentence greater than that contemplated in the plea agreement.

*The district court did not err in failing to recuse itself for bias*

Fugate argues that the district court judge demonstrated bias because the judge noted that he would not have entered into the plea agreement as a former prosecutor, and Fugate claims that the resulting prejudice deprived him of due process. We disagree.

We review alleged judicial misconduct for plain error when it has not been preserved for appellate review. *See Oade v. State*, 114 Nev. 619, 622, 960 P.2d 336, 338 (1998).

The Nevada Code of Judicial Conduct "provides substantive grounds for judicial disqualification." *PETA v. Bobby Berosini, Ltd.*, 111 Nev. 431, 435, 894 P.2d 337, 340 (1995), *overruled on other grounds by Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 260-61, 112 P.3d 1063, 1070-71 (2005). NCJC Canon 2.11(A) states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including [where] . . . (1) [t]he judge has a personal bias or prejudice concerning a party." In evaluating impartiality, this court asks "whether a reasonable person, knowing all the facts, would harbor reasonable doubts." *Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011) (internal quotation marks omitted). "[A] judge is presumed to be impartial, [and] the burden is on the party asserting the challenge to establish sufficient factual grounds warranting disqualification." *Id.* (internal quotation marks omitted).

This court reviewed similar issues of judicial misconduct in *Cameron v. State*, 114 Nev. 1281, 968 P.2d 1169 (1998). There, the defendant argued that several statements by the sentencing judge demonstrated judicial bias under former NCJC Canon 3, which provided that "[a] judge shall perform judicial duties without bias or prejudice." *Id.* at 1282-83, 968 P.2d at 1170. The judge's statements in *Cameron* included (1) noting that he was a former prosecutor and was confused why the prosecutor chose to reduce the charges against the defendant, and (2) emphasizing the need for punishment. *Id.* at 1282 n.1, 968 P.2d at 1170 n.1. This court held that these comments did not indicate judicial bias because "remarks of a judge made in the context of a court proceeding are not considered indicative of improper bias or prejudice unless they show that the judge has closed his or her mind to the presentation of all the evidence." *Id.* at 1283, 968 P.2d at 1171.

Here, Fugate fails to establish sufficient factual grounds to indicate bias necessitating recusal. First, Fugate claims that the sentencing judge's comments indicate that he was not impartial. However, the comments are not indicative of improper bias because, like the remarks in *Cameron*, they do not show that he closed his mind to the presentation of evidence. Instead, the record shows that the judge considered multiple factors, including the psychosexual evaluator's conclusion that Fugate possessed a high risk to reoffend and his history of similar conduct. A reasonable person, knowing the facts of the case, would not harbor doubts as to the sentencing judge's impartiality. Because Fugate has not met his burden of establishing factual grounds warranting disqualification, the sentencing judge is presumed to be impartial. Thus,

we conclude that the district court judge did not err in failing to recuse himself for bias.

*The district court did not abuse its sentencing discretion*

Fugate argues that his sentence violated the Eighth Amendment because it was excessive, not reasoned, and relied upon suspect evidence. We disagree.

Regardless of its severity, a sentence that is "within the statutory limits is not 'cruel and unusual punishment [in violation of the Eighth Amendment] unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)). "We will refrain from interfering with the sentence imposed so long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." *Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004) (internal quotation marks omitted).

In this case, the district court exercised its due discretion in determining that the maximum statutory sentence should be imposed. Further, while Fugate cites unfounded accusations made by the State at sentencing, the record does not demonstrate that the court considered this evidence in any way that prejudiced the defendant. Rather, the district court focused on reliable evidence, including the psychosexual evaluator's conclusion that Fugate possessed a high risk to reoffend along with his history of similar conduct. A sentence of 96-240 months for each count, running consecutively, is not unreasonably disproportionate punishment

for attempted lewdness with a child under the age of 14 years. Thus, we conclude that the district court did not abuse its sentencing discretion.

## CONCLUSION

The State's argument at the sentencing hearing did not undercut the agreed-upon sentencing recommendation and did not breach the plea agreement. Further, the district court did not err in failing to recuse itself for bias, nor did the district court abuse its discretion by refusing to follow the plea agreement's sentencing recommendation or by imposing an excessive, unreasoned punishment. Accordingly, we

ORDER the judgment AFFIRMED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                       Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

cc:  Hon. Elliott A. Sattler, District Judge
     John Ohlson
     Karla K. Butko
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk