# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOSHUA LEWIS SMITH, <br> Appellant, <br> vs. <br> THE STATE OF NEVADA, <br> Respondent. | No. 76784 |
| JOSHUA LEWIS SMITH, <br> Appellant, <br> vs. <br> THE STATE OF NEVADA, <br> Respondent. | No. 76785 |
| JOSHUA LEWIS SMITH, <br> Appellant, <br> vs. <br> THE STATE OF NEVADA, <br> Respondent. | No. 76786 |

FILED

APR 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are pro se appeals from district court orders dismissing appellant's postconviction petitions for writs of habeas corpus.[1] Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge. We elect to consolidate these appeals for disposition. NRAP 3(b).

Appellant was convicted, pursuant to guilty pleas in separate district court cases, of obtaining property by false pretenses, possession of a stolen vehicle, and burglary. The district court sentenced him to

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). These appeals therefore have been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-16076

consecutive and concurrent terms totaling 54 to 180 months in prison. He filed timely postconviction petitions for writs of habeas corpus that the district court dismissed.

In his petitions below, appellant claimed that trial counsel was ineffective at sentencing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Appellant claimed that trial counsel should have intervened or objected at sentencing when the district court departed from the State's sentence recommendations. We disagree. The guilty plea agreement in the obtaining-property-under-false-pretenses case did not include a sentence recommendation; therefore, appellant failed to demonstrate deficient performance in that case. As to the other two cases, the district court was not bound by the State's recommended sentence in the plea agreement. *See Stahl v. State*, 109 Nev. 442, 444, 851 P.2d 436, 438 (1993) ("When a defendant pleads guilty pursuant to a plea agreement containing a sentencing recommendation, and the district court accepts the proffered guilty plea, the district court retains wide discretion in imposing sentence."

 

(footnote omitted)). Because an objection to the district court's departure thus would have been meritless, appellant cannot demonstrate deficient performance. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (recognizing that counsel is not ineffective for omitting a futile objection). Therefore, the district court did not err in denying this claim.

Next, appellant claimed that counsel should have moved to withdraw the guilty plea after the district court imposed a sentence that exceeded the State's recommendation in the stolen-vehicle and burglary cases. He relies on *Stahl* and *Lovie v. State*, 108 Nev. 488, 835 P.2d 20 (1992). Those cases relied on former NRS 174.065(3), which allowed a defendant to withdraw a guilty plea if the court did not follow the sentencing recommendation in a plea agreement, but that provision has since been repealed. 1993 Nev. Stat., ch. 279, § 1, at 828-29. Because the law at the relevant time did not support a motion to withdraw in the circumstances presented, we conclude that appellant failed to demonstrate deficient performance or prejudice. Therefore, the district court did not err in denying this claim.

Lastly, appellant claimed that counsel should have informed the court that the value of the property taken during the burglary was only a dollar. We conclude that appellant failed to demonstrate deficient performance or prejudice. As relevant to this case, NRS 205.060(1) defines burglary as the entry into a building with the intent to commit larceny. The value of the property actually stolen is not relevant to whether the defendant violated the statute and appellant did not establish why it would have affected the sentence he received. Therefore, the district court did not err in denying this claim.

Having considered appellant's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc:    Hon. Connie J. Steinheimer, District Judge
       Joshua Lewis Smith
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk