# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA TAFT-BEKMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80309

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery which constitutes domestic violence with a prior felony conviction.[1] Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Appellant Joshua Taft-Bekman argues that the district court abused its discretion by considering his prior domestic violence convictions that were not proven with certified judgments of conviction when deviating from the sentencing recommendation in his guilty plea agreement. We disagree.

Taft-Bekman pleaded guilty to battery which constitutes domestic violence with a prior felony conviction for domestic battery third offense. Accordingly, Taft-Bekman expressly acknowledged his prior felony domestic violence conviction. Taft-Bekman concedes that the State introduced a certified copy of that prior felony conviction to support the instant charge. That conviction is all that is required under Nevada law to make the offense in this case a category B felony. *See* NRS 200.485(3)

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-01437

(providing that the offense of battery which constitutes domestic violence is a category B felony punishable by 2-15 years in prison when the defendant has a prior conviction for a felony that constitutes domestic violence under NRS 33.018). Further, Taft-Bekman's Presentence Investigation Report (PSI) documented all five of his domestic violence offenses, including four convictions and the instant offense. Taft-Bekman did not object to the admission of the prior felony judgment of conviction or to the contents of his PSI, and he provides no authority to support his position that the State must submit judgments of conviction for the offenses underlying a prior felony domestic violence conviction. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (providing that a party must "present relevant authority and cogent argument; issues not so presented need not be addressed by this court"). Nor does Taft-Bekman provide any authority that the district court cannot otherwise consider his criminal history at sentencing. *See Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996) ("Possession of the fullest information possible concerning a defendant's life and characteristics is essential to the sentencing judge's task of determining the type and extent of punishment."). Therefore, he has not shown that the district court relied on impalpable or highly suspect evidence, and we conclude the district court did not abuse its discretion. *See Stahl v. State*, 109 Nev. 442, 444, 851 P.2d 436, 438 (1993) ("When a defendant pleads guilty pursuant to a plea agreement containing a sentencing recommendation, and the district court accepts the proffered guilty plea, the district court retains wide discretion in imposing sentence." (footnote omitted)); *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) ("So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable

or highly suspect evidence, this court will refrain from interfering with the sentence imposed."). Finally, in entering his guilty plea, Taft-Bekman acknowledged that the district court was not bound by any agreement of the parties and sentencing was within the court's discretion. Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Kathleen M. Drakulich, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk